**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| AMANDA MARIE WHITTEN | ) | Case No.: 22-11430-KHK |
| | ) | |
| Debtor | ) | Chapter 7 |

---

| | | |
|---|---|---|
| AMANDA MARIE WHITTEN | ) | Adv. No. |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION | ) | |
| | ) | |
| SERVE: Miguel Cardona, Sec. Of Education | ) | |
| U.S. Dept. Of Education | ) | |
| 400 Maryland Avenue, SW | ) | |
| Washington, DC 20202 | ) | |
| | ) | |
| United States Attorney | ) | |
| Eastern District of Virginia | ) | |
| 2100 Jamieson Avenue | ) | |
| Alexandria, VA 22314 | ) | |
| | ) | |
| Merrick Garland | ) | |
| U.S. Attorney General | ) | |
| 10th Street & Constitution Ave., NW | ) | |
| Room 6313 | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GREAT LAKES EDUCATIONAL LOAN SERVICES, INC. | ) | |
| | ) | |
| SERVE: CT Corporation System | ) | |
| 4701 Cox Rd. Ste. 285 | ) | |
| Glen Allen, VA, 23060 | ) | |
| | ) | |
| Defendants. | ) | |

1

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF STUDENT LOANS UNDER 11 U.S.C. §523(a)(8)**

COMES NOW the Debtor/Plaintiff (hereinafter "Plaintiff"), by counsel, and for her *Complaint to Determine Dischargeability of Student Loans under 11 U.S.C. §523(a)(8)*, respectfully represents as follows:

**JURISDICTION**

1. Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. §§ 1334 and 157, and Rule 7001, because this action arises in and relates to the bankruptcy case of the Debtor, a chapter 7 case, filed in this Court on October 25, 2022.

2. This proceeding is a core proceeding under U.S.C. § 157(b)(2)(B) and (I) and the Plaintiff consents to entry of final orders and judgment by the bankruptcy judge in this adversary proceeding.

3. Venue is proper in this district because the Plaintiff resides in Stafford County in this District and filed her bankruptcy in the Alexandria Division.

4. The relief requested in the Complaint is predicated upon 11 U.S.C. §523(a)(8) of the Bankruptcy Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

**PARTIES**

5. The Plaintiff is a natural person, Virginia resident and citizen of the United States of America, and the Debtor in this case.

6. Upon information and belief, Defendant, the United States Department of Education, is the holder of $17,927.00 in educational loans of the Debtor, said loans being serviced by Defendant Great Lakes Educational Loan Services, Inc., a corporation authorized to conduct business in Virginia.

**FACTS**

7. On October 25, 2022, Amanda Marie Whitten (the "Debtor") filed a petition for relief under chapter 7 of title 11 of the United States Code, in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division.

8. Ms. Whitten obtained student loans for herself during different periods while attending Pueblo Community College and Pike's Peak State College. From 2004 through 2006, Mrs. Whitten attended Pueblo Community College and received $9,875 in student loans through

the FFEL Stafford loan program. Some loans were subsidized, and some were unsubsidized. Mrs. Whitten went back to school at Pikes' Peak State College in 2012 and incurred an additional $3,500 in student loans at that time, receiving a Direct Student Loan. She studied emergency medicine and medical terminology and pharmacology. Mrs. Whitten was not able to finish school to the point of receiving any degrees.

9. These loans were either being paid or in forebearance between 2005 - 2007. From 2008 - 2011 they were in default.

10. The loans were consolidated into an income driven repayment program since 2012, and since that time Ms. Whitten's loans have gone back and forth between repayment and forebearance status. So the loans have been in good standing for over ten years. Because of her limited income and family size, her current income-driven repayment payment is $0.

11. Mrs. Whitten currently works as a medical coder for McKenzie-Williamette Medical Center and makes approximately $55,000 per year. She also receives $450/month for child support, and makes approximately $12,000/year working part-time at Diabetes & Thyroid Associates, Inc..

12. Mrs. Whitten cannot maintain a minimal stardard of living if required to repay her student loans to the Defendants.

13. It is not possible for Mrs. Whitten to repay her student loans within the repayment period of the loans.

14. Mrs. Whitten has made all reasonable efforts to maximize her income, working two jobs and over 60 hours per week.

## ARGUMENT

15. The issue presented is whether debtor's educational loans are excepted from discharge as an undue hardship. Bankruptcy Code §523 provides in the relevant part: (a) A discharge under 727...... of this title does not discharge an individual debtor from any debt (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtors and the debtors' dependants, for (A)(i) and educational benefit overpayment or loan made, insured, or guaranteed by a government unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of1986, incurred by a debtor who is an individual.

16. The "Brunner Test" is the applicable standard in the Eastern District of Virginia in determining the dischargeability of an educational loan. Lohr v. Sallie Mae, et al.  In Re Lohr.

252 B.R. 84 (2000).

17.     Under the *Brunner Test*, a debtor must establish three elements to qualify for the undue hardship exception.  First, the debtor must establish that he cannot, based on current income and expenses, maintain a "minimal" standard of living for herself and her dependents if forced to repay the loans; second, that this state of affairs is likely to persist for a significant portion of the repayment period of the student loan; and third, that the debtor has made good faith efforts to repay the loans.  <u>Brunner v. New York State Higher Educ. Servs. Corp</u>. <u>In re Brunner</u>, 46 B.R. 752, 754 (S.D.N.Y. 1985), affd, 831 F.2d 395 (2d Cir. 1987).

18.     Under the first prong, the Plaintiff has not been able to maintain a minimal standard of living.  The Internal Revenue Service states that the average monthly income of a four person household in Northern Virginia is $10,359 per month.  As shown on schedule I, the Plaintiff only makes 59% of that amount.  A cursory glance at Mrs. Whitten's stated monthly expenses shows that he does not have monthly income to maintain a minimal standard of living.

19.     Under the second prong of the *Brunner Test*, the current state of affairs is likely to continue for the foreseeable future.  Mrs. Whitten is a hard worker holding down two jobs.  Prospects for vertical advancement are very limited in her field.  Child support will be ending in five years.  There are no changes expected to occur that would allow the Plaintiff to increase her income in any meaningful way.  It is likely that the Plaintiff will be unable to make payments on the educational loans for the foreseeable future.

20.     Under the third prong of the *Brunner Test*, the Plaintiff has made a good faith effort to pay the educational loans over the past decade, during which time the loans have either been in repayment or forebearance status.  There have been no defaults during that time.

21.     There is a certainty that the Plaintiff will never be able to pay the full amounts of her educational loans.

WHEREFORE, your Plaintiff respectfully requests the educational loans of the Defendants, be discharged in whole or in part, pursuant to 11 U.S.C. §523(a)(8) and for other such relief as this court finds appropriate.

                                                Amanda Marie Whitten
                                                By Counsel

<u>/s/ Michael J. O. Sandler,</u>
Michael J. O. Sandler, VSB #46443
Fisher-Sandler, LLC
12801 Darby Brook Court, Suite 201
Woodbridge, Virginia 22192
(703) 967-3315 (phone); (703) 910-6235 (fax)
sandlerlaw@yahoo.com