IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| AMANDA MARIE WHITTEN, | ) CASE NO. 22-11430-KHK |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| AMANDA MARIE WHITTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ADV. PROC. NO. 23-01009-KHK |
| | ) |
| U.S. DEPARTMENT OF EDUCATION, et al., | ) |
| | ) |
| Defendants. | ) |

CONSENT MOTION TO STAY ADVERSARY PROCEEDING
AND MEMORANDUM IN SUPPORT THEROF

The United States of America requests that the Court stay further action in the above-entitled adversary proceeding through and including July 23, 2023. Counsel for the United States has discussed the relief requested in this motion with counsel for the Plaintiff who consents to such relief. As grounds for this Motion, the United States avers the following:

1. Plaintiff filed a complaint in the above-captioned adversary proceeding ("Complaint") on March 20, 2023. Dkt. No. 1. The Court issued a Summons and Notice in an Adversary Proceeding as well as entered an Initial Scheduling Order on the same date. Dkt. Nos.

Matthew J. Troy
Assistant United States Attorney
Appearing pursuant to 28 U.S.C. § 517
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3712
matthew.troy@usdoj.gov
Counsel for the United States of America

2 and 3. The United States' deadline to answer or otherwise respond to the Complaint is April 24, 2023.

    2.    Plaintiff seeks to discharge student loans pursuant to 11 U.S.C. § 523(a)(8).

    3.    Defendant United States Department of Education ("Education") announced an extension of its policy affording relief in connection with federally held student loans. Among other things, the policy suspends federal student loan payments, applies a 0% interest rate, and halts collections on defaulted loans. Suspension of payments and collections on federal student loans originated on March 27, 2020, with the enactment of the "Coronavirus Aid, Relief, and Economic Security Act'' (the "CARES Act") and after expiration of these provisions of the CARES Act, suspension of payments and collections have been extended through executive action and Education's regulatory action. Education has now further extended its policy to suspend payments and collection of federal student loan debt through June 30, 2023.[1]

    4.    In addition, on November 17, 2022, the Department of Justice, in coordination with Education, issued new Guidance ("Guidance") regarding requests to discharge student loans in bankruptcy cases. The Guidance is an effort to enhance consistency and equity in the handling of student loan discharge adversary proceedings. The United States seeks a temporary stay in this action to review and implement the new Guidance. To that end, counsel for the United States has already forwarded to Plaintiff's counsel the Attestation Form described in the Guidance used to consider requests to discharge student loans.

---

[1] The Plaintiff and Education are the real parties in interest in this proceeding. Although named as a defendant, Great Lakes Educational Loan Services, Inc., is a loan servicer, not a loan holder.

5. The United States requests the Court to stay this adversary proceeding through July 23, 2023. A stay of this proceeding will further the goal of minimizing the financial impact of the COVID-19 pandemic on Federal student loan borrowers by assisting those borrowers in avoiding litigation costs and burdens during the pendency of the suspension. A stay of this proceeding will also allow the Plaintiff and the Defendant to implement the Guidance on proceeding to discharge Plaintiff's student loans. This will allow the parties to focus on that process as opposed to the required Discovery Meeting, Discovery Plan, the Initial Pretrial Conference, and Rule 26 Initial Disclosures.

6. Courts have "broad discretion" to stay proceedings in matters before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1.

7. In bankruptcy proceedings, courts have found the power to issue a stay of proceedings is derived from 11 U.S.C. § 105(a), which authorizes the court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a); s*ee, e.g., U.S. Bank N.A. v. Perlmutter (In re South Side House, LLC),* 470 B.R. 659, 684 (Bankr. E.D.N.Y. 2012) (holding a court has inherent authority to stay bankruptcy proceedings under Section 105(a)) (*citing Musselman v. Home Ins. Co. of Ind. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 1990 U.S. Dist. LEXIS 10235 at *2 (S.D.N.Y. Aug. 7, 1990) (Section 105(a) authorizes a bankruptcy court to enter a complete stay of an adversary proceeding)).

8.  Staying continuation of the litigation is appropriate for the reasons stated above. Moreover, the United States' announced policy concerning discharge of certain student loan obligations could affect the outcome of this proceeding, and as such, the matter should be stayed during implementation of such policy. Therefore, the United States, with the consent of the Plaintiff, requests that the Court stay this action, and suspend compliance with the summons and the Initial Scheduling Order, through July 23, 2023.

9.  The Parties further request the Court set a status conference in this proceeding on or after July 23, 2023, to reset any scheduling order deadlines, trial dates, or other deadlines imposed in this adversary proceeding. The United States will file a status report seven (7) days prior to this date advising the Court whether it believes grounds exist for requesting a further extension of the stay of this proceeding, or whether dismissal or placement of the adversary proceeding back on the Court's active docket is appropriate.

Dated: April 4, 2023

                                Respectfully submitted,

                                JESSICA D. ABER
                                UNITED STATES ATTORNEY

By:   */s/ Matthew J. Troy*
       Matthew J. Troy
       Assistant United States Attorney

CERTIFICATE OF SERVICE

     I hereby certify a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Date: April 4, 2023

                                           /s/ *Matthew J. Troy*
                                           Matthew J. Troy